IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

THOMAS R. MONTGOMERY, )
)
      Plaintiff, )
)
vs. ) Case No. CIV-15-297-M
)
GRADY COUNTY SHERIFF'S )
DEPARTMENT, et al., )
)
      Defendants. )

**REPORT AND RECOMMENDATION**

I.    Background.

On March 20, 2015, Thomas Montgomery, a state prisoner appearing pro se, filed this 42 U.S.C. §1983 action, alleging that during a period beginning in February 2009, Defendant Art Kell, the former Grady County sheriff; Defendant Jim Wier, the current Grady County sheriff; Defendant Kevin Daniel, a detective with the Grady County Sheriff's Office; Defendant David Clayton Jacobs, a Grady County sheriff's deputy; and Defendant Ricky Rushing, a Grady County sheriff's deputy, variously deprived him of life, liberty, and property; harassed him; were derelict in their duties; attempted malicious prosecution; and defamed his character. Doc. 1.[1] Plaintiff

---

[1]    Citations reflect this Court's CM/ECF designation and pagination.

1

maintained Defendants did so "out of retaliation from one of their deputies (David Clayton Jacobs) - who was caught stealing my money while booking me into jail . . . ." *Id.* at 1. United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends dismissal – without prejudice – due to Plaintiff's failure to comply with both court orders and rules and to prosecute his case.

II. **Petitioner's failure to follow court orders and rules and to prosecute his action.**

On April 24, 2015, the undersigned ordered Plaintiff to show cause why his claims should not be promptly dismissed by the court on statute of limitations grounds. Doc. 10. Plaintiff responded to the order to show cause on May 26, 2015, but advised he was being held in lockdown status awaiting transfer to a different facility. Doc. 11, at 2. He maintained he lacked "the access needed to a law library" and requested "a continuance until a later date - to where I have access to a law library." *Id.* For good cause shown, the undersigned granted Plaintiff additional time to supplement his response. Doc. 12.

Plaintiff filed no additional response and his deadline to do so expired. Based on his earlier claimed lack of access to a law library, the undersigned

gave him "one final opportunity to **either** further respond to the show cause order **or** to inform the court that he no longer wishes to file an additional response." Doc. 13, at 1. The undersigned ordered Plaintiff "to **either** supplement his response on or before Tuesday, November 10, 2015 **or** to advise the court that it is his intent to stand on his previous response" and specifically informed him "**that failure to comply with this order may be considered a failure to prosecute the action, resulting in a dismissal of the action on that basis alone.**" *Id.* at 2. To date, Plaintiff has not complied with that order.

This Court's docket report reflects that on March 24, 2015, shortly after Plaintiff filed his complaint, the Clerk of Court sent him a copy of this Court's Local Civil Rule detailing his obligation to notify the court of any change of address, with a copy of the form for that purpose. *See* LCvR5.4(a). Plaintiff's last filing with the court was his May 26, 2015 initial response to the show cause order, Doc. 11, and he has not reported a change of address. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a). Plaintiff presumptively received the undersigned's orders but is no longer prosecuting his action. This same

pattern holds true in the four other cases Plaintiff filed in this Court from March 20, 2015, through March 23, 2015.

On June 26, 2015, in the first of Plaintiff's five cases, *Montgomery v. Hicks*, Case No. CIV-15-289-M, Doc. 10 (W.D. Okla.), this Court allowed Plaintiff twenty days to file an amended complaint. There has been no activity in the case since that date.

In *Montgomery v. Hardy*, Case No. CIV-15-294-M, Docs. 14, 15 (W.D. Okla.), this Court dismissed the action on September 15, 2015, because, despite having requested and received in forma pauperis status, Plaintiff failed to pay an initial filing fee by the ordered deadline or at any time thereafter. There has been no activity in the case since the dismissal.

On August 24, 2015, in *Montgomery v. Hoch*, Case No. CIV-15-298-M, Docs. 13, 14 (W.D. Okla.), this Court dismissed the action on Magistrate Judge Purcell's Report and Recommendation entered on April 20, 2015. On May 11, 2015, Plaintiff requested an extension of time to file his objections to the Report and Recommendation. *Id.* Doc. 11. This Court extended the objection deadline to August 11, 2015, *id.* Doc. 12, but Plaintiff filed nothing further. There has been no activity in the case since the dismissal on August 24, 2015.

On June 26, 2015, in the last of Plaintiff's five cases, *Montgomery v. Wyatt*, Case No. CIV-15-299-M, Doc. 10 (W.D. Okla.), this Court allowed Plaintiff twenty days to file an amended complaint. There has been no activity in the case since that date.

### III. Petitioner's failure to prosecute and to comply with court orders and rules warrants the dismissal, without prejudice, of *Montgomery v. Grady Cnty. Sheriff's Dep't*, Case No. CIV-15-297-M.

Plaintiff has abandoned his lawsuit. Despite a clear and fair warning of the possible consequences of his actions, he has elected not to communicate with the court. He failed to supplement his response to the undersigned's show cause order even though he had requested that opportunity. Docs. 11, 12. Then, when given a sua sponte extension of time to file the requested supplement and to explain why his claims are not barred by the statute of limitations, he neither supplemented his response nor did he, as ordered, advise the court of his intent to stand on his previous response. In addition, Petitioner failed to notify the court of an apparent address change after having been specifically advised of the requirements of this Court's local rules. The electronic records of the Oklahoma Department of Corrections (DOC) reflect that Plaintiff is no longer incarcerated. *See* http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&

_schema=PORTAL30&doc_num=390078&offender_book_id=206393 (last accessed on Dec. 30, 2015). His last date of incarceration was October 19, 2015. *Id.*

If a plaintiff fails to comply with a court order or rule or fails to prosecute his case, a district court has the discretion to dismiss the action under Fed. R. Civ. P. 41(b). *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Link v. Wabash*, 370 U.S. 626, 629-31 (1962). When the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). A dismissal without prejudice for failure to prosecute or comply with court orders can have the same consequence as a dismissal with prejudice if a period of limitation is implicated. *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

"State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Here, Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v.*

6

*Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds by Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013); Okla. Stat. tit. 12, § 95(A)(3). And, "[s]ince the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (quotation omitted).

In ordering Plaintiff to show cause, the undersigned detailed his claims – dating from 2009 until 2011 – and explained that the claims were likely barred by the statute of limitations before he filed his lawsuit. Doc. 10. Plaintiff responded that he fully intended to file this action against the Grady County Sheriff's Department in 2013 but "was advised by my Court-appointed attorney . . . not to file until my pending criminal charges were dismissed – or – found not guilty – and I was free to find an attorney to take my case." Doc. 11, at 1. Plaintiff stated that the charges against him were dismissed by the State on March 25, 2013 and "that was the . . . conclusion of the pending charges – showing the malicious attempts of the Sheriff's Dept. to deprive me of life, liberty, and property." *Id.* at 1-2. He contends he "filed with the 2 year statutory limits of that date." *Id.* at 2.

According to his complaint, Defendant Daniel "filed felony charges on [him] for . . . 1st degree rape" based on an accusation by his nine-year-old daughter. Doc. 1, at 5. The undersigned liberally construes this claim as one for false arrest and/or imprisonment and takes judicial notice of a public record, the docket report in *State v. Montgomery*, Case No. CF-2011-00394, District Court of Grady County, State of Oklahoma.[1] The docket reflects Plaintiff's initial appearance was on October 24, 2011; his preliminary hearing terminated on July 2, 2012; the arraignment-disposition docket was on July 10, 2012; and, on September 11, 2012, the state court the set the matter for jury trial, after having found sufficient "probable cause that a crime was committed and probable cause that the defendant committed the crime." *See* Okla. Stat. tit. 22, § 258.

"[T]he tort of false arrest/false imprisonment arises out of detention without legal process . . . ." *Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "[A] claim for false arrest/false imprisonment accrues when the victim becomes held pursuant to legal process, 'for example, [when] he is bound over by a magistrate or

---

[1] *See* Fed. R. Evid. 201; *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand") (internal quotation marks omitted).

arraigned on charges.'" *Id.* at 1256-57 (quoting *Wallace,* 549 U.S. at 389-90). So, the *latest possible* accrual date for a false arrest/false imprisonment claim was September 11, 2012, after "there was a judicial determination of probable cause" and Plaintiff "became lawfully detained pursuant to legal process . . . ." *Id.* at 1257. Because Plaintiff did not file his complaint until March 20, 2015, any claim for false imprisonment was barred.

The statute of limitations had run on all of Plaintiff's identifiable claims before he filed his complaint on March 20, 2015, and the dismissal of these claims as time-barred would be warranted if this action were to continue.

## IV. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the dismissal without prejudice of Plaintiff's action.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before January 20, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate

review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 31st day of December, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE